UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

DAVID AND GOLIATH BUILDERS, INC.,

        Plaintiff,

v.                                                             Case No. 09-CV-0621

ANTHONY KRAMER, CINDY KRAMER,
and DEAN ALAN CONSTRUCTION SERVICES, LLC,

        Defendants,
    and

WEST BEND MUTUAL INSURANCE COMPANY,

        Intervenor.
_____

# ORDER

On June 19, 2009, plaintiff David and Goliath Builders, Inc. ("David and Goliath"), a Wisconsin based company that designs and constructs single family homes, filed a complaint against the defendants Anthony and Cindy Kramer ("Kramers") and Dean Alan Construction Services LLC ("Dean Alan"), another construction company. (Docket #1). In the complaint, David and Goliath alleged that Dean Alan, in constructing a home for the Kramers, utilized construction plans that copied construction designs owned by the plaintiff, infringing the plaintiff's technical drawing copyright. (Docket #1). After an answer was filed to the complaint, the court issued a scheduling order on September 21, 2009. (Docket #10). However, on November 25, 2009, the West Bend Mutual Insurance Company ("West Bend") filed a motion to intervene, bifurcate and stay the case. (Docket #18).

West Bend seeks a declaratory judgment that the insurance company has no duty to defend and indemnify to Dean Alan regarding the present action.[1]

Fed. R. Civ. P. 24(a)(2) allows a party to intervene as a matter of right if the applicant can demonstrate that: "(1) the application is timely; (2) the applicant has an 'interest' in the property or transaction which is the subject of the action; (3) disposition of the action as a practical matter may impede or impair the applicant's ability to protect that interest; and (4) no existing party adequately represents the applicant's interest." *Security Ins. Co. of Hartford v. Schipporeit*, 69 F.3d 1377, 1380 (7th Cir. 1995) (internal citations omitted). In this case, Dean Alan does not object to West Bend's intervention. Moreover, in its brief to the court, West Bend has demonstrated that the standards for intervention as a matter of right pursuant to Rule 24(a)(2) have been met. As such, the court will grant West Bend's motion to intervene.

In addition, West Bend further moves this court to bifurcate trials on the issue of insurance coverage and liability and to stay the proceedings on liability pending the resolution of the insurance coverage issues. Dean Alan opposes bifurcating coverage and liability issues and staying the liability issue pending resolution of coverage, arguing that staying and bifurcating the action would only serve to delay settlement of the case.

---

[1] If such a duty exists, it would stem from the commercial general liability policy that West Bend issued to Dean Alan. West Bend contends that an exclusion in the policy negates its duties to indemnify Dean Alan for copyright infringment.

Federal Rule of Civil Procedure 42(b) allows a court, in its discretion, to bifurcate a trial for "convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." The decision rests within the sound discretion of the court, and it must make the decision on a case-by-case basis. *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000). Likewise, the power to stay some or all proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254-255 (1936). As such, a district court possesses substantial discretion to issue a stay when the interest of justice requires such action. *Radio Corp. of Am. v. Igoe*, 217 F.2d 218, 220 (7th Cir. 1955).

Both parties, in their briefs to the court, have discussed the preferred practice under Wisconsin law for when an insurer contests coverage. The Wisconsin Supreme Court has instructed insurers who contest coverage to "not only request a bifurcated trial on the issues of coverage and liability," but to also "move to stay any proceeding on liability until the issue of coverage is resolved." *Elliott v. Donahue,* 169 Wis. 2d 310, 318, 485 N.W. 2d 403, 406 (1992). However, while federal courts in Wisconsin have "sometimes . . . follow[ed] Wisconsin practice [in granting] insurers' motions to stay, more often [federal courts in Wisconsin do] not." *N.B. v. Wausau Sch. Dist. Bd. of Educ.*, No. 06-C-487, 2007 U.S. Dist. LEXIS 11057, at *3 (W.D. Wis. Feb. 15, 2007).

-3-
Case 2:09-cv-00621-JPS   Filed 01/08/10   Page 3 of 6   Document 27

West Bend provides two main arguments why the court should depart from its usual practice by bifurcating trial on the issues of liability and coverage and staying the liability issue until the coverage issue is resolved. First, West Bend argues that bifurcation and stay promotes settlement. However, the plaintiff and defendant are already in the midst of settlement discussions, and the court's scheduling order requires that the parties mediate their dispute this month. Preventing the issue of liability from moving forward can only detract from current efforts toward settling the case, allowing this case to linger. Dividing the case up can only serve to prolong the case, wasting the court's resources.

Second, West Bend contends that bifurcation and stay will prevent jury prejudice and confusion against the insurance company. However, the court cannot envision the issue of coverage, as described by the parties in their briefs to the court, ever reaching a jury, as the issue is likely one that will be resolved via a motion for summary judgment. Both sides concede that if the allegations in the plaintiff's complaint are true, that the defendant has a duty to defend and indemnify Dean Alan.[2] West Bend merely argues that the facts in the plaintiff's complaint may be untrue, in which case, the insurance company's duties to Dean Alan would extinguish. However, in order to disprove the plaintiff's allegations that Dean Alan

---

[2] An insurer's duty to defend is triggered by the allegations contained within the four corners of the complaint. *Estate of Sustache v. Am. Family Mut. Ins. Co,* 2008 WI 87, ¶ 20 (2008). The only basis West Bend has to deny coverage is a clause in the general liability policy that "excludes coverage for copyright infringement *unless the infringement occurs in our insured's advertisement.*") (Intervenor's Compl. ¶ 11) (emphasis added). The plaintiff's complaint alleges that "the defendants . . . continued to *market, advertise, and sell* the [copyrighted] Bordeaux home design." (Pl's Complaint ¶ 42) (emphasis added). As such, the complaint alleges conduct that West Bend's policy would cover, and there is an initial duty for West Bend to defend the plaintiff.

-4-

infringed the copyrighted design via the defendant's advertisement, West Bend would likely have to litigate the issue of liability, obviating the need to bifurcate and stay. West Bend contends that the heart of the liability issue does not need to be reached in order to decide the question of coverage, and the issue of coverage could be resolved by performing limited discovery on issues that do not go directly to the issue of liability, such as performing discovery on whether Dean Alan advertised the design in question in the first place. However, if quick and limited discovery can settle the issue regarding coverage, the court is confident that the issue of coverage will be resolved via summary judgment motion. There is no reason why such discovery cannot occur as the balance of the case proceeds. *See Appleton Papers, Inc. v. George A. Whiting Paper Co.*, No. 08-CV-16, 2009 U.S. Dist. LEXIS 4344, at *13-14 (E.D. Wis. Jan. 8, 2009) ("Moreover, General Casualty has asserted that the question of the existence of the insurance policy is a matter that can be litigated quickly . . . if that is true, there is little reason to hold up discovery on NMSC's liability during the brief period required for discovery on the . . . insurance policy.") This court is "not in the habit" of staying a case indefinitely while one insurance company seeks a ruling on an issue that is "tangential" to the case, as doing so would be "unfair for [the] plaintiff" and would "create an unacceptable delay for the court." *N.B. v. Wausau Sch. Dist. Bd. of Educ.*, 567 F. Supp. 2d 1055, 1056 (W.D. Wis. 2007). As such, the court will deny the intervenor's motions to bifurcate and stay. Going forward, the intervenor is bound by the scheduling order issued by this court on September 21, 2009. (Docket #10).

Accordingly,

**IT IS ORDERED** that intervenor's motions to intervene, bifurcate, and stay (Docket #18) be and the same are hereby **GRANTED in part** and **DENIED in part:** the intervenor's motion to intervene be and the same is hereby **GRANTED**; the intervenor's motions to bifurcate and stay be and the same are hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 8th day of January, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge